**UNITED STATES of America**

v.

**Walter DUNBAR, Appellant.**

**No. 07–1413.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) May 13, 2010.

Filed: June 29, 2010.

Eric H. Jaso, Esq., George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Walter Dunbar, Fairton, NJ, pro se.

Raymond J. Rigat, Esq., Clinton, CT, for Appellant.

Before: BARRY, WEIS and ROTH, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Defendant pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to, among other things, 120 months imprisonment. He contends that the District Court erred in applying a four-level increase to his sentence for possessing a firearm in connection with another felony offense. He also argues that his sentence was unreasonable. We will affirm.

On January 20, 2006, defendant sped past a police car. The high-speed chase that followed ended with the defendant's car jumping a curb and crashing into a house. Defendant then attempted to flee on foot, throwing or dropping a gun as he ran, but was captured moments later. Upon searching defendant, the police found nine clear plastic bags containing crack cocaine, totaling 0.13 grams, and one bag containing 3.05 grams of marijuana. They also discovered $417 in cash. The discarded gun was unloaded and its serial number had been defaced. Defendant later claimed that he had purchased the gun that morning to protect his teenage daughter, who had been threatened by gang members at school.

Finding that defendant had "possessed a[ ] firearm ... in connection with another felony offense"—i.e., drug distribution—the District Court increased his sentence by four levels. *See* U.S.S.G. § 2K2.1(b)(6).[1] Defendant now asserts that, because he purchased the gun to protect his daughter and because the amount of drugs he was carrying was consistent with personal use, he did not possess the gun "in connection with" another felony offense and, as a result, § 2K2.1(b)(6) did not apply.

The phrase "in connection with"—although "vague[ ] and pliab[le]"—still requires "some relationship between the gun and the felony." *United States v. Loney*, 219 F.3d 281, 283, 286 (3d Cir.2000). At the sentencing hearing, the District Court recounted the events leading up to the defendant's arrest and found that relationship sufficient under § 2K2. 1(b)(6):

> [W]e have police on patrol, a racing vehicle coming by.... The officer pulls behind it, activates overhead lights, and the vehicle continues to speed, and crashes in front of a residence. An individual gets out, and either ... dropped [the gun or] ... threw it.... He was chased, and he was seized by the officers after a struggle. And they find the clear plastic bag containing ... marijuana and the crack cocaine in the separate nine bags, together with a substantial sum of money, $417 in cash.
>
> Looking at that ... I can clearly infer that the possession [of the gun] was in connection with another offense.

We have carefully reviewed the record and conclude that the inferences drawn by the district judge based upon the facts were reasonable. *See id.*, 219 F.3d at 288 (district court may draw reasonable inferences in determining if § 2K2. 1(b)(6) should apply). The District Court did not abuse its discretion[2] in finding that defen-

---

1. Both the defendant's brief and the Pre–Sentencing Report refer to § 2K2.1(b)(5) of the Guidelines. That subsection was renumbered in the November 1, 2006 version of the Guidelines, which applied to this case, and now appears at § 2K2.1(b)(6).

2. *See United States v. Lennon*, 372 F.3d 535, 538 (3d Cir.2004) (district court's findings of fact reviewed for clear error; application of facts to the Guidelines reviewed for abuse of discretion).

dant was engaged in felony drug distribution, nor in holding that his possession of the gun was connected to that offense. *See id.* (gun's potential of facilitating the "connected" felony sufficed to establish relationship between gun possession and other offense); see also *United States v. Gregory,* 345 F.3d 225, 229–30 (3d Cir.2003) (endorsing a "rebuttable inference" that weapons possessed during drug trafficking are sufficiently "connected" to such activity for purposes of § 2K2.1(b)(6)).

■ Defendant next contends that his sentence of 120 months was unreasonable because the District Court failed to meaningfully consider his impaired mental health as a mitigating factor. We disagree. The district judge discussed in detail a lengthy report submitted by defendant, which purportedly showed his inability to follow the law. The District Court also permitted counsel to argue at length the report's conclusions and the impact of the defendant's troubled past on his current behavior.

In the end, however, the Court concluded that the defendant's extensive criminal history, together with the events leading up to his arrest, demonstrated that he was "a clear danger to the public." Given these facts and the other considerations listed in 18 U.S.C. § 3553, the District Court held that "[t]he guideline range, 120 months, is clearly appropriate here." Finding no significant procedural or substantive error in the sentencing, we defer " 'to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." *United States v. Tomko,* 562 F.3d 558, 568 (3d Cir.2009) (citation omitted).

Accordingly, the Judgment of the District Court will be affirmed.